IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GOMESINDO MENDEZ, | ) | |
| ID # 39506-177, | ) | |
| Movant, | ) | No. 3:18-CV-2116-D (BH) |
| vs. | ) | No. 3:09-CR-0318-D (02) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Petition to Set Aside Sentence and Adhere to Established Sentencing Guidelines as Mandated*, received on August 13, 2018, should be construed as a motion to vacate, set aside, or correct sentence, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as a successive motion.

### I.  BACKGROUND

Gomesindo Mendez (Movant) pleaded guilty to conspiracy to possess a controlled substance with intent to distribute and was sentenced to 262 months' imprisonment. (*See* 3:09-CR-318-D, doc. 127).[1] His conviction and sentence were affirmed on direct appeal, *see United States v. Mendez*, 447 F. App'x 577 (5th Cir. 2011) (per curiam), and his first 28 U.S.C. § 2255 motion was denied with prejudice as meritless, *see* 3:12-CV-4261-D, doc. 14.

He has now filed a *Petition to Set Aside Sentence and Adhere to Established Sentencing Guidelines as Mandated*, expressly invoking 28 U.S.C. § 2241. (*See* 3:18-CV-2116-D, doc. 3 at 1). He claims that the Court violated his plea agreement – which he calls a "contract" – by applying a

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-318-D.

sentencing enhancement for possession of a firearm and possession of "ICE." (*See id.* at 2-4.) As a remedy, Movant seeks immediate re-sentencing. (*See id.* at 1.)

## II.  NATURE OF SUIT

Movant claims that the Court has jurisdiction under 28 U.S.C. § 2241. A § 2241 habeas corpus petition is the proper method for challenging the execution of a sentence. *See Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Movant does not challenge the execution of his sentence, however. Rather, he challenges his federal sentence and seeks re-sentencing. (*See* 3:18-CV-2116-D, doc. 3.)

A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). There is one narrow exception in which a court may entertain a § 2241 petition that directly challenges a federal sentence or conviction. *See id.* To pass through that gateway, a petitioner has the burden to show that the § 2255 remedy is "inadequate or ineffective." *See id.* That is, he must show both that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir, 2001).

Movant does not claim – let alone meet his burden to show – that the § 2255 remedy is inadequate or ineffective. Nor could he, as he was not convicted of a nonexistent offense. Rather, he argues that the Court erred in fashioning his federal sentence. His claims may properly be considered under § 2255. *See Pack*, 218 F.3d at 452.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant now seeks to present claims that he could have raised in his first motion. Specifically, he argues that the Court breached his plea agreement by erroneously applying enhancements under the United States Sentencing Guidelines. Because he could have raised those

claims in his earlier motion, this motion is successive within the meaning of § 2255. *See Orozco-Ramirez*, 211 F.3d at 867 ("Orozco-Ramirez's claims of ineffective assistance of counsel at trial were available to him and could have been asserted by him in his initial *habeas* motion. . . . Accordingly, they are 'second or successive' under AEDPA.") (internal citation omitted).

When a motion to vacate is successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider Movant's successive § 2255 motion, this Court lacks jurisdiction over it. A district court may dismiss such a motion. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686. Movant's motion should be transferred to the Fifth Circuit.

### IV. RECOMMENDATION

Movant's *Petition to Set Aside Sentence and Adhere to Established Sentencing Guidelines*

4

*as Mandated* should be construed as a motion to vacate, set aside, or correct sentence and should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Fulton*, 780 F.3d at 686. The motion for a certificate of appealability should be **DENIED** as unnecessary.

 **SIGNED this 15th day of August, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
